No. 612

BAUMHART v. McCLURE

No. 19839. Supreme Court

On motion to certify. Dock. May 25, 1926.

1049. RIPARIAN OWNERS—Where the waters have covered the proprety of a riparian owner thus making the owner of another property a riparian owner and this condition exists for more than 21 years and the waters then recede to approximately its original level, may the second riparian owner claim the property which belonged to the first riparian owner under the doctrine of reliction?

This suit was brought originally in the Erie Common Pleas by Eliza Baumhart against Mary McClure in which it was sought to quiet title to a certain piece of real property.

It appears that certain lots had been platted in 1837 by the village of Vermillion. Certain of these lots boarded on Lake Erie. At the time the lots were platted Lot 434 boarded on Lake Erie and Lots 433 and 432 were directly back of Lot 434. During a period of time from 1850 to 1924 Lot 434 and part of Lot 433 were submerged and later the Lake receded so that a part of Lot 434 became dry. The question at issue is whether or not the owner of Lot 434 became a riparian owner when the waters receded.

The Common Pleas held that the owner of Lot 434 became a riparian owner, which was affirmed by the Court of Appeals on appeal.

The Court of Appeals based its finding on the ground that no efforts had been adduced to show that the lake had receded "by slow process of erosion and that therefore the presumption was that certain storms arise on the lake which caused the waters to quickly cut away the shore · line thereby causing large parcels to be washed out.

Baumhart in the Supreme Court contends:

That as she was a riparian owner for more than 21 years that under the doctrine of reliction she was entitled to lot 434 and thereby maintained her rights as a riparian owner.

Attorneys—Thompson, Hine & Flory, Cleveland, H. Hart, Sandusky, for Pltf.; A. H. West, Elyria, for Deft.

No. 613

ROSS v. STATE

No. 19856. Supreme Court

On motion for leave to file. Dock. June 1, 1926.

225. CHARGE TO JURY—If, in a trial for first degree murder, the court's charge might be interpreted to presume a fact which should be determined by the jury has prejudicial error been committed?

This action was brought originally in the Cuyahoga Common Pleas by the State against Emmanual Ross under an indictment of first degree murder.

The evidence disclosed that Ross and one Slim Young were attempting to rob the proprietor of a confectionery store and that during this transaction the proprietor was killed by a gun wound, the shot coming from a gun in the possession of Ross.

The court charged the jury in part as follows:

"It is for you to determine from all the evidence in this case whether this defendant, with another man named Slim Young, was engaged in that robbery or attempting to perpetrate a robbery."

Four forms of verdicts were given the jury by the court none of which were a form for a not guilty verdict and the court instructed that the foreman should sign the particular form of verdict consistent with the finding of the jury.

The judgment of the Common Pleas on the verdict for first degree murder was affirmed by the Appeals.

Ross in the Supreme Court contends:

1. That the court erred in refusing evidence which might show the conduct of the accused associates not causing him to be drunk and thereby not in possession of his normal mind.

2. That the charge of the court improperly relieved the jury of finding that a robbery or attempted robbery took place.

3. That the forms of verdicts given the jury did not permit to return a verdict of not guilty.

4. That the prosecutor engaged in misconduct which prejudiced the accused.

Attorneys—A. H. Martin, Cleveland, for Pltf.; E. C. Stanton, Cleveland, for Deft.

No. 614

TOLEDO RAILROAD CO. v. HUGHES

No. 19841. Supreme Court

On motion to certify.· Dock. May 25, 1926.

923. PLEADING—Where in a damage suit for personal injuries received as a result of an alleged negligence the defendant files an answer avering contributory negligence on the part of a plaintiff and the plaintiff files no reply thereto may the court direct a verdict on the pleadings?

This action was brought originally in the Lucas Common Pleas by Lorus W. Hughes against Toledo Terminal Railway Company for damages for personal injuries caused by the alleged negligence of the company.

It appears that Hughes while driving his automobile in the night time in a fog ran into a freight train which blocked a crossing. Hughes alleged negligence on the part of the company by failing to warn him of the blockade. The company filed an answer denying negligence on its part and specifically alleging contributory negligence on the part of the plaintiff to which Hughes filed no reply.

The judgment of the Common Pleas in directing a verdict for the company on the pleadings was reversed by the Appeals and the cause remanded for a trial.

The company in the Supreme Court contends:

1. That Hughes in alleging knowledge of the crossing, a log and that he drove his machine at night into the freight train was such negligence as would bar a recovery.

2. That the failure of Hughes to file a reply to the answer alleging contributory negligence entitled the company to a directed verdict.

Attorneys—Frasier, Hiett, Wall & Effler, Toledo, for Pltf.; Thursten & Riehm, Toledo, for Deft.